UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL G. KAPLAN**                                              **CIVIL ACTION**

**VERSUS**                                                                      **No. 08-4714**

**PRIME DEMOLITION & DISPOSAL,**                       **SECTION I/4**
**LLC et al.**

### ORDER AND REASONS

Plaintiff, Michael G. Kaplan ("Kaplan"), has filed a motion to remand this case to Civil District Court for the Parish of Orleans.[1] Defendant, Prime Demolition & Disposal, LLC ("Prime") has opposed the motion.[2] For the reasons assigned, the motion to remand is **DENIED**.

### *BACKGROUND*

This case arises out of property damage to Kaplan's residence allegedly caused by Prime and Environmental Chemical Corporation Operating Service, Inc. ("ECC").[3] Prior to filing suit, Kaplan's counsel sent a demand letter to ECC demanding payment of $67,790.25 for the damage to his property.[4] When ECC allegedly failed to respond, he filed suit in state court. In his state court petition for damages, Kaplan stipulated "that all of his damages in this case do not exceed $75,000.00 exclusive of interest and court costs."[5] Kaplan's petition also includes the following

---

[1] R. Doc. No. 5.

[2] R. Doc. No. 6. Environment Chemical Corporation Operating Service, Inc. has also opposed Kaplan's motion. See R. Doc. No. 7.

[3] R. Doc. No. 1-2, petition ¶V.

[4] R. Doc. No. 1-2, ex. A.

[5] R. Doc. No. 1-2, petition ¶VII.

paragraph:

> As a direct result of the above-described actions and/or inactions, your petitioner has incurred damages, including but not limited to: the costs to repair his damaged property.  Additionally, Mr. Kaplan incurred damages for <u>having to miss work and deal with defendants and contractors</u> hired to evaluate and fix the damages caused by defendants.  Also, plaintiff incurred damages for <u>inconvenience, embarrassment and mental anguish</u> because of the damages to his property caused solely by the defendants {sic} action and/or inaction.[6]

After answering the petition in state court, Prime removed the case to this Court, alleging diversity of citizenship and an amount in controversy in excess of $75,000.[7]  Kaplan filed his motion to remand on November 21, 2008.

## *LAW AND ANALYSIS*

**A.     Motion to Remand**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (2006); <u>Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.</u>, 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum."  <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).  The removal statute is to be strictly construed.  <u>Gasch v. Hartford Accident & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007).  Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir.

---

[6] Petition ¶VII (emphasis added).

[7] R. Doc. No. 1, notice of removal.

2000).  In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

**B.     Discussion**

The dispute in this case arises because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."[8] Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003).  In the Fifth Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir .1993). The defendant may satisfy its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support the finding of the requisite amount." Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir.1999) (citation omitted).

Kaplan argues that the $67,790.25 figure represents the amount in controversy when the case was removed.  Prime argues that that figure represents the property damages in controversy, but does not comprise the damages for lost wages, mental anguish, inconvenience, and embarrassment alleged by Kaplan in paragraph VII of his petition.  Prime argues that it is "facially apparent" that Kaplan's claims are likely above $75,000, i.e., that his non-property damage claims amount to more than $7,209.75.  The Court agrees with Prime that, based on Kaplan's allegations, it is likely that his non-property damage claims exceed that amount.

---

[8] Complete diversity of citizenship between plaintiff and defendants is not disputed.

Kaplan further argues for remand based upon his stipulation that his damages do not exceed $75,000.  Prime contends that the stipulation is an insufficient ground for remand.  In Davis v. State Farm Fire & Cas. Co., No. 06-560, 2006 WL 1581272  (E.D. La. June 7, 2006), Judge Vance held: "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  Id. at *2.  In Davis, "each complaint filed in state court contain[ed] a stipulation that the amount of damages sought by plaintiffs is less than $75,000, but . . . none affirmatively waive[d] the plaintiffs' right to collect damages in a greater amount."[9]  The facts of Davis are analogous to those presented here, as Kaplan has not affirmatively renounced his right to accept a judgment in excess of $75,000.  Id.  Indeed, in his petition, Kaplan "further prays for all general and equitable relief as the nature of the cause may require."

Because Prime has demonstrated that the claimed amount in controversy is likely above $75,000, the Court retains its diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that the motion to remand  is **DENIED**.

New Orleans, Louisiana, December 18, 2008.

_____
            LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] Davis was a consolidated case involving multiple complaints.